IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Darcel Melvin,                                                Case No. 1:07 CV 1324

                 Petitioner,                    MEMORANDUM OPINION
                                                               AND ORDER

       -vs-
                                                                JUDGE JACK ZOUHARY

Stuart Hudson,

                 Respondent.

### BACKGROUND

*Pro se* Petitioner Darcel Melvin (Melvin) filed a Petition for a Writ of Habeas Corpus (Doc. No. 1). This Court has jurisdiction under 28 U.S.C. § 2254(a) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States."). Petitioner is in custody and has alleged his detention violates the Sixth and Fourteenth Amendments of the U.S. Constitution.

The case was referred to United States Magistrate Judge Vernelis Armstrong for a Report and Recommendation (Recommendation) pursuant to Local Rule 72.2(b)(2). Respondent filed a Motion to Dismiss and Return of Writ (Doc. No. 8) and Petitioner filed a Traverse (Doc. No. 11). The Magistrate Judge recommended the Court dismiss the Petition (Doc. No. 12).

This action is before the Court on Petitioner's Objection (Doc. No. 15). In accordance with *Hill v. Duriron Co.*, 656 F.2d 1208 (6th Cir. 1981) and 28 U.S.C. § 636(b)(1)(B) & (C), this Court has made a *de novo* determination of the Magistrate's findings.

## DISCUSSION

### Facts and Procedural Background

Petitioner did not object to the facts or procedural history in the Recommendation. The Recommendation accurately reports the factual background, the state court proceedings, and the prior federal habeas petition. The Court adopts them in their entirety.

### Statute of Limitations

The Magistrate found the one-year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) expired before Petitioner filed this Writ, and recommended the Petition be dismissed as time barred. Petitioner argues the statute of limitations should be tolled because of the "rare and exceptional circumstances" that his first habeas petition was dismissed for failure to pay the filing fee.

The Magistrate correctly held the statute of limitations for Petitioner's Writ expired on January 14, 2007. Petitioner did not file this habeas Petition until May 7, 2007, four months after the statute expired. Although Petitioner had previously filed a habeas petition in May 2006, that petition was dismissed without prejudice in August 2006 for failure to pay the $5 filing fee.[1] Although Petitioner provides evidence that the failure to pay the filing fee was an error by the state prison and not by any fault of his own, he failed to file an appeal or other post-judgment relief as to the original dismissal.

---

[1] This Petition is not a second or successive petition under § 2244(b) because Petitioner did not receive an adjudication of his initial petition. *See Stewart v. Martinez-Villareal*, 523 U.S. 637, 645 (1998).

Thus, the issue of dismissal of the earlier case is not properly before this Court. Furthermore, Petitioner had almost five months from the dismissal of his first petition to file this Petition before the statute of limitations expired, but instead waited until four months after the statute expired. Therefore, this Petition is procedurally barred.

## CONCLUSION

After conducting a *de novo* review of the portions of the Recommendation objected to by Petitioner, the Magistrate's Report and Recommendation is adopted. Petitioner's Writ is barred by the statute of limitations, and the Petition is dismissed. Further, under 28 U.S.C. § 1915(a)(3), the Court certifies that an appeal of this action could not be taken in good faith and no certificate of appealability shall issue.

IT IS SO ORDERED.

                                                 s/ *Jack Zouhary*
                                                 JACK ZOUHARY
                                                 U. S. DISTRICT JUDGE

August 4, 2008